UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ACCESS2GO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-1166 |
| | ) | |
| THE HIPAGE COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | |
|---|---|
| THE HIPAGE COMPANY, INC., | ) |
| | ) |
| Counter Claimant, | ) |
| | ) |
| v. | ) |
| | ) |
| ACCESS2GO, INC., | ) |
| | ) |
| Counter Defendant. | ) |

| | |
|---|---|
| THE HIPAGE COMPANY, INC., | ) |
| | ) |
| Third Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BROADLINE SOLUTIONS, LLC, COTTRELL | ) |
| COMMUNICATIONS CORP., ZTA, LLC, | ) |
| CAVALIER TELEPHONE, LLC, | ) |
| CHRISTOPHER UNDER, NEIL MASSEY, | ) |
| and TONY GATTUSO, | ) |
| | ) |
| Third Party Defendants. | ) |

# **O R D E R**

On August 10, 2009, a Report & Recommendation was filed by Magistrate Judge Byron G. Cudmore in the above-captioned case recommending that several of Hipage's

state law claims be dismissed from both the Counterclaims and Third Party Complaint. Hipage filed a timely response to the Report & Recommendation, and this Order follows.

## BACKGROUND

The relevant facts were sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge and need not be restated here. Suffice it to say that this action arises out of an alleged scheme to defraud Hipage that included the improper use of confidential information by one of its employees, Christopher Unger. Hipage removed the case to this Court based on diversity jurisdiction and filed various Counterclaims and a Third Party Complaint. Motions to Dismiss were brought by Access2Go and Broadline. The Magistrate Judge concluded that Virginia law applies to govern Hipage's state law claims and declined the request to dismiss claims based on Virginia state law solely for that reason. There has been no objection to this portion of the Report & Recommendation.

The Magistrate Judge further recommended that Hipage's claims for fraudulent inducement to contract, rescission, and common law conspiracy to induce breach of contract be dismissed. It is the portion of the Report & Recommendation with respect to the claims for fraudulent inducement and rescission to which Hipage objects. Access2Go has filed a response to Hipage's objection, and this Order follows.

## STANDARD OF REVIEW

A district court reviews *de novo* any portion of a magistrate judge's report and recommendation to which written objections have been made. *See* Fed. R. Civ. P. 72(b).

"The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

## ANALYSIS

Hipage objects to the portion of the Report & Recommendation finding that its state law claims for fraudulent inducement to contract and rescission should be dismissed for failure to state a claim. Specifically, Hipage asserts that the dismissal of these claims would be premature and that its theories are not inconsistent.[1]

The fraudulent inducement claim is brought against Broadline and Access2Go, based on vicarious liability for Broadline's actions as its agent. The gist of this claim is that Broadline expressly told Unger that his endorsement on the alleged contract between Hipage and Access2Go was solely for the purposes of obtaining pricing information and that it would not create any contractual obligation. In order to state a claim for fraud, the plaintiff must prove:

> (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party mislead, and (6) resulting damage to the party misled.

Hitachi Credit America Corp. v. Signet Bank, 166 F.3d 614, 628 (4th Cir. 1994). The reliance by the party misled must be reasonable, and reliance has generally been held to be unreasonable where the party has a chance to read the contract, and the contract

---

[1] As the Magistrate Judge noted what appears to be an inconsistency in Hipage's allegations but expressly declined to consider any inconsistency for purposes of ruling on the pending Motions to Dismiss, the Court sees no reason to discuss this observation further at this time.

plainly contradicts the allegedly false representation. Nationwide Mutual Ins. Co. v. Muncy, 217 Va. 916, 234 S.E.2d 70 (1977).

Hipage does not dispute the Magistrate Judge's finding that the Service Agreement contained all of the kinds of provisions that would be expected in a contractually binding agreement (e.g., default, limitations on liabilities, renewal, termination, warranties, etc.) and was clearly a contract. Nor does Hipage dispute that Unger had the opportunity to read the contract, including these provisions, before signing. Rather, without citation to any legal authority in support of its position, Hipage bases its objection on the fact that Unger lacked actual authority to sign the agreement and was under no heightened compulsion to closely review the terms of the agreement. Accordingly, Hipage maintains that it is entitled to discovery to ascertain what was reasonable to someone in Unger's position and whether the reliance was reasonable.

The Court agrees with the Magistrate Judge that the allegedly false representation that Unger's signature would not create any contractual obligations is plainly contradicted by the clear language of the Service Agreement and Orders, even going so far as to specify the terms of service and monthly payments that would be due. Given this reality, the only conclusion that could reasonably be drawn based on any possible set of facts regarding Unger is that the Service Agreement is in fact a contract and that his signature created certain rights and obligations. No reasonable fact finder could conclude that there could be any set of facts under which it would have been reasonable to rely on Broadline's alleged misrepresentations in light of the plain and unambiguous language in the contract, and Hipage cannot state a claim for which relief could ever be granted. The Court

therefore concurs with the Magistrate Judge's recommendation that Hipage's fraudulent inducement claim must be dismissed.

The parties agree that the same analysis governs Hipage's rescission claims, as the claim for rescission is based on the assertion that Hipage was fraudulently induced to sign the Service Agreement. In light of the failure of Hipage's fraudulent inducement claim, the rescission claim is doomed to meet the same fate.

## CONCLUSION

For the reasons set forth herein, the Court now ADOPTS the Report & Recommendation [#83] of the Magistrate Judge in its entirety. Accordingly, the Motions to Dismiss [#42 and #74] are GRANTED IN PART and DENIED IN PART. The claims in the Counterclaims and Third Party Complaint for fraudulent inducement to contract, rescission, and common law conspiracy to induce breach of contract are DISMISSED, and the remainder of the claims remain in the case. This matter is REFERRED to Magistrate Judge Cudmore for further proceedings.

ENTERED this 4th day of January, 2010.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge