### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ACCESS2GO, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 08-1166 |
| THE HIPAGE COMPANY, INC., | ) |
| Defendant. | ) |

| | |
|---|---|
| THE HIPAGE COMPANY, INC., | ) |
| Third Party Plaintiff, | ) |
| v. | ) |
| BROADLINE SOLUTIONS, LLC, COTTRELL COMMUNICATIONS CORP., ZTA, LLC, CAVALIER TELEPHONE, LLC, CHRISTOPHER UNDER, NEIL MASSEY, and TONY GATTUSO, | ) |
| Third Party Defendants. | ) |

## O R D E R

This matter is now before the Court on Third-Party Defendant Cavalier Telephone's ("Cavalier") Motion for Summary Judgment. For the reasons set forth below, the Motion for Summary Judgment [#100] is DENIED.

### JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are of diverse citizenship, and the matter in controversy exceeds $75,000.

**BACKGROUND**

This action arises out of an alleged scheme to defraud The Hipage Company ("Hipage").  Access2Go initially brought suit against Hipage, claiming breach of an alleged contract to provide bundled telecommunications services.  Hipage claims that it had no knowledge of and did not ratify this alleged contract, but rather that a former employee, Christopher Unger ("Unger"), conspired with Cavalier, Tony Gattuso ("Gattuso"), and others to exploit Hipage's confidential information in order to construct the purported contract in exchange for generous commissions.  Hipage removed the case to this Court, filing various Counterclaims and a Third Party Complaint.

Gattuso is the president of ZTA, another Third-Party Defendant in this action.  Gattuso has never been an employee of Cavalier, and it is on this basis that Cavalier seeks summary judgment.  The Affidavit of David Whitt ("Whitt"), Cavalier's Secretary and Treasurer, confirms that ZTA's relationship to Cavalier was that of an independent contractor/sales agent rather than employee.

Hipage contends that Cavalier holds ZTA out as an authorized agent on its webpage, www.cavaliersalesagent.com.  However, Cavalier responds that this website is not a Cavalier website but rather is a website copyrighted by ZTA; Cavalier's official websites are www.cavtel.com and www.cavtel.net.  Hipage further points to numerous emails signed by Gattuso in connection with the subject matter of this litigation identifying himself as a "Cavalier Telephone Authorized Agent."

Cavalier has now moved for summary judgment, arguing that Cavalier had little or no involvement in bidding on telecommunications services for Hipage and that Gattuso and

ZTA were not acting in their capacity as an agent for Cavalier in connection with this case. The matter is fully briefed, and this Order follows.

## LEGAL STANDARD

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." Id. at 325. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. Celotex, 477 U.S. at 324. Nevertheless, this Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." Holland v. Jefferson Nat. Life Ins. Co., 883 F.2d 1307, 1312 (7th Cir. 1989). Summary judgment will be denied where a reasonable jury could return a verdict

for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995).

## ANALYSIS

Cavalier asserts that the record establishes little or no involvement by Cavalier in bidding on telecommunications services for Hipage.  It is undisputed that Gattuso was not employed by Cavalier; however, Gattuso was the president of ZTA, an independent contractor/sales agent for Cavalier.

The affidavit of Charles Ridgely, a sales representative for Cavalier, indicates that he had email correspondence with Gattuso regarding Cavalier providing services to Hipage.  However, Cavalier determined that it would not be able to provide the services requested and did not provide any such services.  As they did not arrange for Cavalier to provide the requested services to Hipage, Cavalier maintains that Gattuso and ZTA were not acting in their capacity as an agent for Cavalier when committing the acts alleged in the Complaint.

Hipage responds that it is undisputed that ZTA and Gattuso were authorized agents for Cavalier.  Emails sent by Gattuso in support of the alleged conspiracy included a signature block identifying himself as a "Cavalier Telephone Authorized Agent."  As such, Hipage asserts that Cavalier is vicariously liable for the acts of its agents, as there is no indication of any limitation on the agents' authority.

The Court has previously determined that Virginia law governs this litigation.  Principals are liable for the acts of their agents that are committed within the scope of their actual or apparent authority.  Brubaker v. City of Richmond, 943 F.2d 1363, 1378 (4th Cir.

1991), *citing* <u>American Society of Mechanical Engineers, Inc. v. Hydrolevel Corp.</u>, 456 U.S. 556, 565-70 (1982); <u>Allen Realty Corp. v. Holbert</u>, 227 Va. 441, 450 (Va. 1984).  An agency relationship may be inferred by the conduct of the parties and surrounding circumstances. <u>Accordia of Virginia Ins. Agency, Inc. v. Genity Glenn, L.P.</u>, 263 Va. 377, 384 (Va. 2002). In fact, "whether an agency relationship exists is a question to be resolved by the fact finder unless the existence of the relationship is shown by undisputed facts or by unambiguous written documents."  <u>Id.</u>  Furthermore, when third parties have ascertained the apparent authority "with which the principal has clothed the agent, he is under no obligation to inquire into the agent's actual authority." <u>Walson v. Walson</u>, 37 Va. App. 208, 556 S.E.2d 52 (2001).

    Here, Whitt has admitted that ZTA was a sales agent of Cavalier.  Hipage has pointed to assertions both on the www.cavaliersalesagent.com website and in emails from Gattuso identifying himself as an authorized agent of Cavalier.  While Cavalier has introduced some evidence that the www.cavaliersalesagent.com website is not its official website and is maintained by ZTA, it has introduced no evidence disavowing Gattuso's invocation of the Cavalier "Authorized Agent" label.  Accordingly, when the record is construed in the light most favorable to the non-moving party, Hipage has met its burden of demonstrating that Gattuso and ZTA were agents of Cavalier.

    Cavalier next argues that because Gattuso did not sell Cavalier products in the alleged contract with Hipage, he could not have been acting within the scope of his authority as an agent of Cavalier in brokering the deal to provide telecommunications services to Hipage.  As Cavalier never provided any services to Hipage or bid on that account, Cavalier maintains that it cannot be liable as a matter of law.

While this argument is logically appealing and may ultimately even be dispositive, the scope of an agency is a very fact intensive inquiry. Cavalier faults Hipage for failing to refute these assertions of fact, and the Court agrees that the record currently demonstrates only the most tenuous connection to Cavalier. However, at the time this Motion was being briefed, there had been no formal discovery in this matter given the extensive motions practice, and Hipage has submitted a declaration that absent such discovery, it is unable to provide further evidence in opposition pursuant to Fed. R. Civ. P. 56(f). Discovery is now under way, and the questions presented in this Motion should be amenable to expedient resolution through that process. Accordingly, the Motion for Summary Judgment will be denied without prejudice, and there is no basis for an award of sanctions. If discovery supports Cavalier's position, then the Court would expect that there would either be a stipulation for dismissal or a renewed motion for summary judgment filed on a more complete factual record.

## CONCLUSION

For the reasons set forth herein, Cavalier's Motion for Summary Judgment [#100] is DENIED without prejudice to refiling on a more complete factual record.

ENTERED this 25th day of May, 2010.

          s/ Michael M. Mihm
          Michael M. Mihm
          United States District Judge